# Bowman's Case.

*Constitutional law—Removal of public officers—Justice of the peace—Act of May 25, 1907, P. L. 257—Constitution of Pennsylvania, art. VI, sec. 4.*

1. A justice of the peace as a constitutional judicial officer elected by the people, can be removed from his office only by the governor for reasonable cause after due notice and full hearing on the address of two-thirds of the senate.

2. A constitutional direction as to how a thing is to be done is exclusive and prohibitory of any other mode which the legislature may deem better or more convenient. What is forbidden, either expressly or by necessary implication, in the constitution cannot become a law.

3. The Act of May 25, 1907, P. L. 257, authorizing the courts of common pleas to declare vacant the office of a justice of the peace who fails for a period of six calendar months to reside and maintain an office in the district for which he is elected, is unconstitutional as violating sec. 4, art. VI, of the constitution relating to removal of officers elected by the people.

Argued May 10, 1909. Appeal, No. 23, Jan. T., 1909, by

Charles W. Bowman, from order of C. P. Fayette Co., Sept. T., 1908, No. 342, removing justice of the peace from office In re Petition of J. H. Snowden et al. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Petition to remove Charles W. Bowman from office of justice of the peace of the borough of Brownsville.

The opinion of the Supreme Court states the facts.

*Error assigned* was the order of removal.

*W. J. Johnson,* of *Johnson & Rush,* for appellant.—The constitution is the paramount law. It is above legislatures and courts; what is therein ordained and established cannot be set aside by simple act of legislature: Reid v. Smoulter, 128 Pa. 324; Houseman v. Commonwealth, 100 Pa. 222; Hazle Twp., 9 Kulp, 365.

The legislature, by mere legislative act, cannot remove a justice of the peace from the exercise of his duties and jurisdictions of his office and appoint another to fill his place: Com. v. Gamble, 62 Pa. 343.

The gift of power to remove a constitutional officer, elected by the people, by impeachment or by the governor on the address of two-thirds of the senate, excludes the power to remove in any other manner: Com. v. Sutherland, 3 S. & R. 145; Com. v. Gamble, 62 Pa. 343; In re Division of Bern Township, 115 Pa. 615; Com. v. Moir, 199 Pa. 534.

*D. W. McDonald,* with him *James R. Cray,* for appellees.— The act is presumed to be constitutional and the burden is upon him who would declare otherwise: Com. v. Nichols, 10 Kulp, 193; Penna. R. R. Co. v. Riblet, 66 Pa. 164; Com. v. Butler, 99 Pa. 535; Com. v. McDermott, 37 Pa. Superior Ct. 1; Likins's Petition, 37 Pa. Superior Ct. 625.

The respondent was "removed on conviction of misbehavior in office" as provided by the constitution: People v. Turnpike Road, 35 Am. Dec. 551; Attorney General v. Maybury, 113 Am. St. Rep. 512; Yoe v. Hoffman, 61 Kan. 265 (59 Pac.

Repr. 351); Miller v. Roby, 9 Neb. 471 (4 N. W. Repr. 65);
State v. Slover, 113 Mo. 202 (20 S. W. Repr. 788); Com. ex
rel. v. Sanderson, 11 Pa. C. C. Rep. 593.

OPINION BY MR. JUSTICE BROWN, June 22, 1909:

The single question raised on this appeal is the constitu-
tionality of the Act of May 25, 1907, P. L. 257, which au-
thorizes the respective courts of common pleas of the common-
wealth to declare vacant the office of an alderman or justice
of the peace who shall, for a period of six calendar months, at
any time during his term of office, fail or neglect to reside
and maintain an office in the ward, district, borough or town-
ship for which he was elected and commissioned. Charles W.
Bowman, the appellant, was duly elected a justice of the peace
of the borough of Brownsville, Fayette county, at an election
held on the third Tuesday of February, 1906, and, having
been commissioned to serve for the term of five years from
the first Monday of May of that year, entered upon the dis-
charge of the duties of his office. On or about January 20,
1908, he went to Europe with his family, not intending,
however, to remove from the said borough and reside abroad.
On July 21, 1908—six months and one day after he started
on his trip—a petition was presented to the court below,
setting forth that he had, for the six calendar months last
past, failed to reside and maintain an office in the said borough
of Brownsville, and asking for a rule to show cause why his
office should not be declared vacant. On the petition and
answer the rule granted to show cause was made absolute,
and from the decree declaring the office of the appellant va-
cant there comes this appeal, taken on the ground that the
act of 1907 is repugnant to sec. 4, of art. VI, of the constitu-
tion.

The first three sections of art. VI of the constitution relate
to impeachment and are not here involved. We are con-
cerned only with the fourth, which is: "All officers shall hold
their offices on the condition that they behave themselves
well while in office, and shall be removed on conviction of
misbehavior in office or of any infamous crime. Appointed

officers, other than judges of the courts of record and the
Superintendent of Public Instruction, may be removed at the
pleasure of the power by which they shall have been ap-
pointed. All officers elected by the people, except Governor,
Lieutenant Governor, members of the General Assembly and
judges of the courts of record learned in the law, shall be re-
moved by the Governor for reasonable cause, after due notice
and full hearing, on the address of two-thirds of the Senate."
The condition upon which all officers shall hold their offices,
whether conferred by appointment or secured by election,
is good behavior. Removal is the penalty for misbehavior.
This is the substance and meaning of the first sentence of the
fourth section. All officers are either appointed or elected,
and the second sentence of the section provides that those
appointed, other than judges of the courts of record and the
superintendent of public instruction, may be removed at the
pleasure of the appointing power. This sentence is not in-
volved in the determination of the question before us, but the
last is, for it declares that all officers elected by the people,
not within the exceptions, "shall be removed by the Governor
for reasonable cause, after due notice and full hearing, on the
address of two-thirds of the Senate." Here is a distinct con-
stitutional expression, and there can be no debate as to the
validity of any legislation repugnant to it: Commonwealth v.
Moir, 199 Pa. 534. Whether the words, "all officers elected
by the people," include officers elected to fill purely statutory
offices created by the legislature and by it to be abolished at
will is not a question now calling for a decision from us. What
we are to decide is whether a constitutional officer, whose
office the legislature did not create, and which it cannot
abolish, may be removed in any other way than that pointed
out in the constitution for the removal of officers elected by
the people. Clearly there is but one answer to this. A con-
stitutional direction as to how a thing is to be done is exclu-
sive and prohibitory of any other mode which the legislature
may deem better or more convenient. As the people have
spoken directly in adopting their organic law, their represen-
tatives in general assembly met are at all times bound in un-

dertaking to act for them, and what is forbidden, either expressly or by necessary implication, in the constitution cannot become a law.

Under all of our constitutions a justice of the peace has been a constitutional officer, and by the eleventh section of the judiciary article of the present one he is a judicial officer. This appellant was as much a judge, though in a limited sphere, as the judicial officer by whose decree the appellees would have him removed from office. He was duly elected by the people, and, by the mandate of the constitution, commissioned by the governor to serve for a term of five years as the head of a court not of record. As a constitutional judicial officer, elected by the people, he is to be removed from his office only by the governor for reasonable cause after due notice and full hearing, on the address of two-thirds of the senate, for, though others filling purely legislative offices may be without the constitutional provision as to removal, he is clearly within it.

The order or decree of the court below is reversed, and it is ordered that the petition of the appellees be dismissed and that they pay the costs below and on this appeal.