# Commonwealth ex rel. *v.* Likeley, Appellant.

*Public officers—Removal—Elected officers—Appointed officers— City clerk—Cities of the third class—Power of councils to remove —Act of June 27, 1913, P. L. 568—Constitution, article VI, section 4—Words and phrases—"Election"—"Appointment."*

1. Under section 3, article IX, of the Act of June 27, 1913, P. L. 568, which authorizes the councils of a city of the third class "to elect a city clerk, whose term of office and compensation shall be fixed by ordinance," a city clerk is an appointed and not an elective officer, and as such he may be removed by councils under the provisions of article VI, section 4, of the Constitution, which provides that "appointed officers, other than judges of the courts of record, and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed."

2. An election is the embodiment of the popular will, the expression of the sovereign power of the people. In common parlance, an election is the casting and receiving the ballots, counting them, and making the return. The term carries with it the idea of a choice by the body of the voters in a municipality or an expression of the popular will, expressed at the polls. An appointment on the other hand, may be made by a single person, or by a body such as a city council.

Argued February 24, 1920. Appeal, No. 251, Jan. T., 1920, by defendant, from judgment of C. P. Lackawanna Co., March T., 1920, No. 193, on demurrer to suggestion for writ of mandamus in case of Com. ex rel. Frank P. Benjamin, District Attorney, v. Horace G. Likeley. Be-

fore BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Demurrer to suggestion for writ of mandamus. Before MAXEY, J.

The facts are stated in the opinion of the Supreme Court.

The court entered judgment of ouster against the respondent, who appealed.

*Error assigned* was the judgment of ouster.

*A. A. Vosburg,* with him *J. B. Jenkins,* for appellant. —Mr. Likeley was "elected," not "appointed"; and is therefore entitled to serve out the full term for which he was elected: Curley's Case, 4 Pa. Dist. R. 207.

A city clerk is not a public officer within the meaning of article VI, section 4, of the Constitution, which provides, inter alia, that all "Appointed officers, other than judges of the courts of record, and the superintendent of public instruction, may be removed at the pleasure of the power by which they have been appointed"; because he is a mere subordinate ministerial officer, having no grave or important duties to perform: Com. ex rel. v. Black, 201 Pa. 433; Duffy v. Cooke, 239 Pa. 427; Houseman v. Com. ex rel., 100 Pa. 222; Richie v. Phila., 225 Pa. 511.

As the city clerk was elected for the term, and at the time prescribed by the legislature; as he duly qualified as required by law, and entered upon the duties of his office; and as the ordinance under which he was elected has never been repealed, the council had no right or authority to remove him during the term for which he was elected: Butler's App., 73 Pa. 448; Penna. R. R. v. Pittsburgh, 104 Pa. 522; Com. v. Slifer, 25 Pa. 23.

*David J. Reedy,* with him *Joseph E. Brennan* and *Stanley F. Coar,* for appellee, cited: Brower v. Kantner,

190 Pa. 182; Field v. Directors of Girard College, 54 Pa. 233.

The appointment of a city clerk is only a governmental function and one council has no right to bind its successors by electing a clerk beyond their term of office: McCormick v. Hanover Twp., 246 Pa. 169; Moore v. Luzerne County, 262 Pa. 216; Richie v. Phila., 225 Pa. 511.

OPINION BY MR. CHIEF JUSTICE BROWN, April 19, 1920:

The City of Carbondale is a city of the third class. By the third section of article IX of the Act of June 27, 1913, P. L. 568, its council, composed of four members and the mayor, was "authorized and directed to elect a city clerk, whose term of office and compensation shall be fixed by ordinance." In pursuance of this authority and direction, the counsel, on February 17, 1914, passed an ordinance, duly approved, the first section of which is as follows: "The council shall elect on the first Monday in April, 1914, and every four years thereafter, by a majority vote of the members a city clerk, who shall serve until his successor shall be duly elected and qualified." On April 1, 1918, by a resolution duly passed, the city council elected Horace G. Likeley city clerk for a term of four years from that date. After filing his bond, as required by the statute, and taking the prescribed oath of office, he entered upon the discharge of his duties, made important by act of assembly. At a meeting of the city council held January 5, 1920, a resolution was adopted declaring the office of city clerk vacant, and at the same time Thomas A. Boles was elected city clerk for a period of four years. After he had duly qualified, he made demand upon Likeley for the keys of the office and for the books and papers which had come into his possession as city clerk. Upon his refusal to comply with this demand, a suggestion for a quo warranto was filed in the court below, in pursuance of

which the defendant was summoned to show by what authority he claimed to continue to hold and exercise the office of city clerk. On his demurrer to the suggestion for the writ, judgment of ouster was entered against him, and, on his appeal from it, the narrow question is the validity of his removal as city clerk.

While the statute authorized and directed the city council to "elect" a city clerk, and the resolution of April 1, 1918, declared that the appellant had been elected such clerk for the term of four years, he was not an elective officer of the city, as that term is ordinarily understood. "An election is the embodiment of the popular will, the expression of the sovereign power of the people. In common parlance, an election is the act of casting and receiving the ballots, counting them and making the return": 15 Cyc. 279. Section 1 of article VIII, of the Act of June 27, 1913, now under consideration, provides that the city council shall "elect" a city treasurer, and in Commonwealth ex rel. Hughes v. Gritman, 255 Pa. 277, it was held by the court below, in an opinion approved by this court, that the word "elect," as used in the section referred to, was to be interpreted as meaning "appoint." In so holding, it was said: "We are not unmindful of the meaning generally conveyed by the word 'election.' The term carries with it the idea of a choice by the body of voters in a municipality, or an expression of the popular will expressed at the polls. An appointment, on the other hand, may be made by a single person, or by a body such as a city council. Although the Act of 1913, supra, states that the council of each city shall 'elect' a city treasurer, it ought to be conceded that such an election is in law an appointment." By the Act of April 25, 1907, P. L. 103, the council of a borough is authorized to elect a solicitor, and in Ulrich v. Coaldale Borough, 53 Pa. Superior Ct. 246, it was held that an election of a solicitor by a borough council was but an appointment by it. Speaking through one of its members, the court said: "But is this

anything but a method of appointment by the borough council? We incline to the opinion that a borough solicitor under said act is an appointed officer. It is not easy to see how borough councils could reach an appointment, unless by unanimous agreement, except by a vote of the members of councils." This appellant is clearly to be regarded as having been appointed by the council of the City of Carbondale, and, having been so appointed by it, the power of removing him at its will was vested in it by article VI, section 4, of the Constitution, which provides: "Appointed officers, other than judges of the courts of record, and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." "The fourth section of the sixth article of the new Constitution, enlarges the power of removal and speaks with more certainty both as to the authority which shall be clothed with it, and the manner of its exercise. Under the new Constitution there are three kinds of removal, to wit: on conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause on the address of two-thirds of the senate. All officers are subject to the first kind, appointed officers to the second, and elected officers to the third. It seems to us very clear that the word 'officers' here is used in the same sense throughout the section so far as their classification into state, county and municipal, is concerned. We cannot conceive that we have any right to say that the expression 'appointed officers' shall be held to exclude such as are municipal, and include only such as are state or county, when it is not at all disputed that the expression 'all officers' in the first clause includes them all. The distinction between appointed and elected officers, is one that relates merely to the source of their authority. That is, those that are appointed, not some of them but all of them, may be removed at the mere pleasure of the power that appointed them, and those that are elected, on the address of two-thirds of

the senate, and by the governor. In the latter case there must be some reasonable cause of removal, in the former there need be none but the mere will of the appointing power. It seems to us that we would be making, rather than construing, the Constitution if we should say that appointed municipal officers shall not be removable at the pleasure of the power which appointed them, when the plain unambiguous words of the instrument positively declare that all appointed officers shall be subject to such removal. If we could thus declare, it is difficult to perceive any good reason why we might not with the same propriety hold that appointed county officers should be exempted from this method of removal. In truth there is no distinction appearing in the section, either by words or inference, in either the territorial or functional character of the offices held by the persons who are subjected to its operation. For us to make such a distinction would be a work of creation, not of interpretation": Houseman v. Com. ex rel., 100 Pa. 222.

The assignment of error is overruled and the judgment is affirmed.