## Commonwealth ex rel. Thomas v. Kelley.

*Public officers—Appointed officer—Elected officer—Removal—Secretary of school board—Const., art. vi, sect. 4—Acts of May 18, 1911, and May 20, 1921.*

1. The so-called election of a public officer by a school board or a municipal council is not an election, but an appointment, and the persons in that way appointed are subject to removal at the pleasure of the appointing power.

2. The secretary of a school board is a public officer, and under art. vi, § 4, of the Constitution, may be removed by the board of directors which appointed him without any cause whatever.

The School Code of May 18, 1911, §§ 314-323, P. L. 309, 326, and the Act of May 20, 1921, P. L. 972, considered.

*Qua warranto.* C. P. Schuylkill Co., Nov. T., 1922, No. 31.

R. J. *Graeff*, for plaintiff; M. A. *Kilker*, for defendant.

Koch, J., Dec. 11, 1922.—The School Board of the School District of the Borough of McAdoo, at a meeting held on the first Monday of July, 1921, elected William Thomas as its secretary for a period of one year. Thomas duly qualified and discharged the duties of his office. On the first Monday of July, 1922, the president of the board declared the office of secretary vacant, and the board elected Mark Kelley, by a vote of three to two. Thomas protested against Kelley's election and claimed that he was entitled to the office for a period of four years from the date of his election by virtue of section 303 of the School Code, as amended May 20, 1921, P. L. 972, 973, and refused to deliver to Kelley the books and other papers of said school district. Thomas thereafter continued to take down the minutes of the board meetings, but Kelley qualified and acted as secretary ever since his election on the first Monday of July, 1922. When the board met on Aug. 1, 1922, John Jump, one of the directors, preferred charges, in writing, against said Thomas for assuming to act as secretary, and for "neglect in the discharge of the duties of his office, . . . in that he refused to execute, on behalf of said board, a contract with A. T. O'Donnell, employing him to act as supervising principal of schools of said district, in pursuance of a resolution of the board." When Thomas was asked by the president of the board whether he had anything to say concerning the charge, he replied: "I will answer charges at the right time." The board met again on Aug. 16, 1922, and a motion was then made "that Thomas be removed from the office of secretary for neglect of duty." The motion was carried by a vote of three to two. At a meeting of the board held Aug. 22, 1922, the president announced that neither Thomas nor Kelley had been legally elected, and that the office of secretary was then still vacant. A letter from the Department of Public Instruction at Harrisburg, in support of the president's position, was read to the board, and the president "declared the election of a secretary to fill the vacancy in order," and Kelley was elected to fill the vacancy for the unexpired term by a vote of three to two. Thomas and Kelley are both members of the board, and voted at all the meetings above referred to.

The purpose of this writ is to oust Kelley and to make room for Thomas.

The School Code requires school boards to organize on the first Monday of July, and on that date in 1921, and every four years thereafter, to elect a secretary for a term of four years: Act of May 20, 1921, P. L. 972, 973. The secretary's duties are stated in sections 314 to 323 of the School Code of May 18, 1911, P. L. 309, 326. It is our opinion, however, that the School Code, which provides for the election of a secretary every four years, does not

deprive a school board of the right to elect a secretary for a shorter period, or to remove him after he has been elected and has entered upon the discharge of his duties. Section 4, article VI of the Constitution provides that: "Appointed officers other than judges of the courts of record and the Superintendent of Public Instruction may be removed at the pleasure of the power by which they shall have been appointed." The same section provides for the removal, by the Governor, of all officers elected by the people, excepting the governor, lieutenant-governor, members of the general assembly and judges of the courts of record learned in the law. But the Governor can remove only for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate. Therefore, one's tenure of office is always indefinite and uncertain in this State. "Under the new Constitution there are three kinds of removal, to wit: On conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause, on the address of two-thirds of the Senate. All officers are subject to the first kind, appointed officers to the second, and elected officers to the third:" Com. v. Likeley, 267 Pa. 310, 314; Houseman v. Com., 100 Pa. 222, 230. Officers are of two kinds, namely, appointed and elected. Elected officers are such as are chosen by the people through their ballots cast at the election held on the Tuesday after the first Monday of November in each year, or at some special election. All persons otherwise chosen for public office are appointed officers. The so-called election of a public officer by a school board or a municipal council is not an election; it is, in fact, an appointment, and the persons in that way appointed are subject to the removal at the pleasure of the appointing power: Com. v. Likeley, 267 Pa. 310; Com. v. Reid et al., 265 Pa. 328; Com. v. Sulzner, 198 Pa. 502; Houseman v. Com., 100 Pa. 222, and Ulrich v. Coaldale Borough, 53 Pa. Superior Ct. 246. Where municipal councils "elect" officers, the word should be interpreted as meaning "appoint:" Com. v. Gritman, 255 Pa. 277, and Com. v. Likeley, 267 Pa. 310.

The constitutional provision refers, however, only to public officers; it has no reference to mere servants, agents or employees of the State or of any of its political divisions. That others than officers may serve the State, a county or a lesser municipal division is recognized by section 11, article III of the Constitution, which is, that "No bill shall be passed giving any extra compensation to any public officer, servant, agent or contractor after services shall have been rendered or contract made," etc. "It may sometimes, indeed, be a difficult matter to distinguish between a public officer and a person employed by the government to perform some special service by contract:" Houseman v. Com., 100 Pa. 222, 234. Policemen are not officers within the meaning of the word "officer" as expressed in the Constitution. They are subordinate ministerial agents or employees, like firemen, watchmen or superintendents of public squares or other property under the orders of a municipal department: Com. v. Black, 201 Pa. 433, 436; Com. v. Stokley, 4 Pa. C. C. Reps. 334.

"In every case in which the question arises whether the holder of an office is to be regarded as a public officer within the meaning of the Constitution, that question must be determined by a consideration of the nature of the service to be performed by the incumbent and of the duties imposed upon him, and where it appears that those duties are of a grave and important character, involving, in the proper performance of them, some of the functions of government, the officer charged with them is clearly to be regarded as a public one:" Richie v. Philadelphia, 225 Pa. 511, 515. A city clerk, chosen by the council of a city, is a public officer: Com. v. Likeley, 267 Pa. 310; so is a treasurer of a school board: Com. v. Sulzner, 198 Pa. 502.

2 D. & C.

The duties of the secretary of a school board, as defined by the School Code, show that he falls within the category above described. He has such important public duties to perform that he cannot be considered a mere servant, agent or employee. His duties are of great number, variety and importance; too numerous, in fact, to be detailed here. He is clearly a public officer, and, therefore, subject to removal at the pleasure of the board and without any cause whatever. There need be no cause, but the mere will of the appointing power in such cases: Houseman v. Com., 100 Pa. 222, 231.

And now, Dec. 11, 1922, the petition is dismissed, at the costs of the relator.

From M. M. Burke, Shenandoah, Pa.