## Kusmider's Case.

*Justice of the peace — Vacancy in office — Appointment — Constitutional officer.*

1. A justice of the peace is an elective, constitutional officer.

2. No vacancy exists in the office of justice of the peace until the encumbent is removed in one of the ways provided in article vi, section 4, of the Constitution for removing elective officers, or until his death is proven, or his resignation received.

Department of Justice. Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

CAMPBELL, 1st Dep. Att'y-Gen., Jan. 15, 1925.—This department is in receipt of your request for an opinion as to whether, under the facts submitted, a vacancy exists in the office of the justice of the peace of the Borough of Freeland, Luzerne County, Pennsylvania, which you may fill by appointment.

The facts are as follows:

Charles K. Kusmider, a duly elected and commissioned justice of the peace for said borough, whose term has not expired, disappeared from Freeland during the latter part of August, 1924, and has not returned. His whereabouts cannot be ascertained.

Kusmider's Case.

Article VI, section 4, of the Constitution of Pennsylvania is as follows:

"All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant-Governor, members of the general assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

"Under the new Constitution there are three kinds of removal, to wit: 'On conviction of misbehavior or crime; at the pleasure of the appointing power; and for reasonable cause, on the address of two-thirds of the Senate.' All officers are subject to the first kind, appointed officers to the second and elected officers to the third:" Com. ex rel. v. Likeley, 267 Pa. 310.

A justice of the peace is an elective, constitutional officer: Bowman's Case, 225 Pa. 364, 368.

In Bowman's Case the Act of May 25, 1907, P. L. 257, was held unconstitutional. That act authorized the respective Courts of Common Pleas of the Commonwealth to declare vacant the office of an alderman or justice of the peace who shall for a period of six calendar months, at any time during his term of office, fail or neglect to reside and maintain an office in the ward, district, borough or township for which he was elected and commissioned. The appellant in that case, being a duly elected and commissioned justice of the peace for the Borough of Brownsville, whose term was unexpired, had been absent in Europe for a period of six months and one day when a petition was presented to the court under the aforesaid Act of 1907, setting forth the fact of such absence, and praying for a rule to show cause why his office should not be declared vacant. The rule was made absolute, and from the decree declaring the office vacant an appeal was taken to the Supreme Court. Held, reversing the decree of the lower court, that: "A constitutional direction as to how a thing is to be done is exclusive and prohibitory of any other which the legislature may deem better and more convenient. As the people have spoken directly in adopting their organic law, their representatives in general assembly met are at all times bound in undertaking to act for them, and what is forbidden, either expressly or by necessary implication, in the Constitution cannot become a law:" 225 Pa. 364-367.

The same rule, of course, applies to the executive, and it was held in an opinion by Attorney-General McCormick in Swanck's Case, 16 Pa. C. C. Reps. 318, that physical or mental disability of an incumbent of the office of alderman does not create such a vacancy as may be filled by the Governor, unless the office has been declared vacant in the manner as provided by article VI, section 4, of the Constitution. See, also, opinion of the same Attorney-General, as recorded in 5 Dist. R. 158, in which a similar conclusion is reached with respect to a judge of the Court of Common Pleas who had been incapacitated for work for three years, due to physical disability.

You are, therefore, advised that, under the facts submitted, no vacancy exists in the said office of justice of the peace for the Borough of Freeland, and you are not authorized to make an appointment until the said Charles K. Kusmider is removed therefrom in one of the two ways provided in article VI, section 4, of the Constitution for removing elective officers, or until his death is proven or his resignation received.