## In re Turner et al.

*Walter P. Smart*, county solicitor, and *John J. O'Connell*, assistant county solicitor, for petitioners.

*Dipple & Oliver*, for respondent Turner.

*E. E. McMonigle*, for respondent Anke.

EGAN, J., November 27, 1939.—William M. Turner, duly elected Treasurer of the County of Allegheny, by motion to quash, raises the legal question that The General County Law of May 2, 1929, P. L. 1278, sec. 144, under which the Commissioners of Allegheny County by petition filed on October 24, 1939, seek to remove him from office, violates the provisions of the Constitution of Pennsylvania. The involved section of the statute provides:

"If the county commissioners believe the county treasurer is embezzling, wasting, using or improperly managing the public moneys committed to his charge, they may petition the court of quarter sessions setting forth the facts complained of. If the court believes said complaint well founded, it shall make an order for the removal of such treasurer from office."

Under the Constitution of Pennsylvania a county treasurer is a constitutional officer, and not one created by act of the legislature: Article XIV, sec. 1. It is a fundamental principle of law that a constitutional officer can be removed from office only by impeachment or quo warranto proceedings, or by the method expressly set forth in the Constitution: Bowman's Case, 225 Pa. 364; Commonwealth ex rel. v. Davis, 299 Pa. 276.

Article VI of the Constitution deals with impeachment and removal from office, and section 4 of the article provides:

"All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. . . . [Sentence concerning appointed officers deleted.] All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

The Constitution is the paramount law of this Commonwealth. It stands supreme above the legislature and above the courts, and its provisions cannot be ignored or set aside by an act of the legislature or judicial decree. The language of the above section 4 is clear and unambiguous. The first part of the quoted section states that any officer (which would include elected officers) may be removed from office upon conviction of misbehavior in office or upon conviction of an infamous crime. Necessarily, there can be no conviction until there has been a trial and a verdict of "guilty" rendered. We can take notice that while Mr. Turner is under indictment for embezzlement, nevertheless, he has not been tried or convicted, and, therefore, the first part of the section has no application to the issue before this court. Where there has been an indictment, followed by trial and conviction, it is the duty of the trial judge in imposing sentence to include therein the removal of the convicted incumbent from office: Commonwealth v. Cauffiel, 97 Pa. Superior Ct. 202, 205; Commonwealth ex rel. v. Davis, 299 Pa. 276.

The second part of the quoted section 4 deals only with elected officers, and places the power of removal in the Governor for reasonable cause, after due notice and full hearing, on the address of two thirds of the Senate. Under no stretch of the imagination could a construction be placed upon this sentence which would embrace within its provisions a power in the quarter sessions court to remove a duly-elected public officer from his office upon petition of the county commissioners.

This section of the Constitution was examined by the Supreme Court in Bowman's Case, supra, where a justice of the peace was removed by the Common Pleas Court of Fayette County. A justice of the peace is a constitutional officer. The Act of May 25, 1907, P. L. 257, authorized the courts of common pleas to declare vacant the office of the justice of the peace who should

for a period of six months fail or neglect to reside and maintain an office in the district for which he was elected. The duly-elected incumbent, Charles W. Bowman, did not reside in the district nor did he maintain an office therein for more than six months, and on petition and answer a decree was entered by the court of common pleas removing him from office. On appeal, the Supreme Court reversed the decision and declared the Act of 1907, supra, unconstitutional, holding that "a justice of the peace as a constitutional judicial officer elected by the people, can be removed from his office only by the governor for reasonable cause after due notice and full hearing on the address of two-thirds of the Senate." In principle there is no distinction between Bowman's Case and Turner's case which is now before this court for determination on the single question concerning the constitutionality of The General County Law, supra, sec. 144. In the Bowman case, the Supreme Court, in reversing the Common Pleas Court of Fayette County and restoring Mr. Bowman to his office of justice of the peace, stated (p. 367):

"What we are to decide is whether a constitutional officer, whose office the legislature did not create, and which it cannot abolish, may be removed in any other way than that pointed out in the constitution for the removal of officers elected by the people. Clearly there is but one answer to this. *A constitutional direction as to how a thing is to be done is exclusive and prohibitory of any other mode which the legislature may deem better or more convenient.* As the people have spoken directly in adopting their organic law, their representatives in general assembly met are at all times bound in undertaking to act for them, and what is forbidden, either expressly or by necessary implication . . . cannot become a law." (Italics supplied.)

This principle was reaffirmed in 1937 by the Supreme Court in Commonwealth ex rel. v. McElwee et al., 327 Pa.

148. The court approved its older decision in Bowman's Case (1909), stating (pp. 158, 159) : "No principle is more firmly imbedded in our law than that when the Constitution expressly provides a single method for accomplishing a particular purpose that method is exclusive." And as recently as October 3, 1938, in the Dauphin County Grand Jury Investigation Proceedings (No. 3), 332 Pa. 358, we find this language in the opinion of Mr. Justice Maxey (concurring in part and dissenting in part) at page 373:

"Article VI, section 4 of the Constitution provides for the removal of constitutional officers from office. We said in *Bowman's Case*, 225 Pa. 364, that a constitutional direction as to how a thing is to be done is exclusive and prohibitory of any other mode which the legislature may deem better or more convenient, and that what is forbidden, either expressly or by necessary implication, in the constitution, cannot become a law."

It therefore follows that, in addition to impeachment or quo warranto proceedings, a duly-elected constitutional officer can be removed from office only by the court upon conviction of misbehavior in office or of an infamous crime, or by the Governor for reasonable cause after due notice and full hearing on the address of two thirds of the Senate. There is no legal authority in the court of quarter sessions to remove a duly-elected constitutional officer from his office (unless convicted as shown above), and the legislature has no constitutional power to place that jurisdiction in the court of quarter sessions.

Following a careful consideration on the question involved, taking into account the decisions of the Supreme Court of Pennsylvania, it is our unanimous decision that section 144 of The General County Law of May 2, 1929, P. L. 1278, is a statute in plain contravention of the explicit mandate of the Constitution as expressed in article VI, sec. 4, and therefore must be declared to be unconstitutional.

*Order*

And now, November 27, 1939, the motion of William M. Turner to quash the proceedings to remove him from the office of Treasurer of Allegheny County is sustained, and proceedings as to him are hereby quashed and set aside. Costs to be paid by the County of Allegheny.