## Commonwealth ex rel. Hewitt v. Betoff

*Gold & Bowman,* for petitioner.

ALESSANDRONI, J., October 19, 1953.—On September 21, 1953, a warrant of arrest was issued by Magistrate McDevitt of the City of Philadelphia. The warrant was issued upon the sworn complaint of one Theresa J. Hewitt, charging defendant with malicious mischief, disorderly conduct and breach of peace. At the hearing before the aforementioned magistrate, defendant objected to the exercise of jurisdiction by the magistrate and moved to quash the warrant.

Over the objections of defendant, the magistrate heard the testimony and took the matter "under advisement". Defendant attacked the jurisdiction of the magistrate on the ground that the complaint was so defective as to preclude the issuance of the warrant.

After the matter was held under advisement, defendant filed a petition in the court of quarter sessions for a rule on the Commonwealth, Theresa J. Hewitt and Magistrate McDevitt to show cause why the warrant should not be quashed and defendant discharged without delay. The rule presented for signature also contained the following language: "Meanwhile all proceedings to stay."

We are here concerned with the propriety of this petition and rule and defendant's standing to present same. For the purpose of this discussion we assume without deciding that the complaint signed and sworn to by Theresa J. Hewitt is defective and insufficient. The issue then resolves itself into one of the jurisdiction of this court to take cognizance of the matter as it now stands.

The office of magistrate or justice of the peace is an ancient one. The office was established by statute dur-

ing the reign of Edward III: 2 Hale's Pleas of the Crown 42, chap. 16 (1847 ed.). Although not a court of record, a magistrate is a judicial officer: McNair's Petition, 324 Pa. 48. As a judicial officer he has all the attributes and powers thereunto appertaining.

An interesting historical aspect of the present matter is the fact that the procedure here followed, when an individual wishes to prefer criminal charges against a neighbor, is identical with that used in England for centuries, to wit, a complaint, warrant, arrest and hearing before a magistrate or justice of the peace: 1 Hale's Pleas of the Crown 576 (1847 ed.). If a defendant was arrested and unlawfully bound over to the assizes or the next commission of oyer and terminer, he had remedies available to test the decision. Habeas corpus to, or certiorari from, King's Bench were both available to test the binding over.

If we were following that procedure today, certiorari or habeas corpus would issue from King's Bench or our direct descendant of King's Bench, the Supreme Court of Pennsylvania. For the Supreme Court is the only court in this Commonwealth that has all the powers of King's Bench: First Congressional District Election, 295 Pa. 1, McNair's Petition, supra. King's Bench (or Queen's) was and is the highest court in England, but for Parliament: 2 Hale's Pleas of the Crown, chap. 1 (1847 ed.).

The writs of habeas corpus and certiorari are still available today. The procedure to employ the writs has been modified and can be used only in accordance with the modifications. Each is designed for a specific object. We need not consider the remedy of habeas corpus other than to say that it is available in a proper case; it is not available here because the present defendant was not committed to prison.

We must, however, consider the present provisions governing the remedies available for this matter. Sev-

eral alternatives present themselves for us. Fundamentally, defendant's assumption is that the magistrate will decide the issue against her. Her petition has within itself the implication that she has no other remedy than this procedure of petition and rule. On that premise this extraordinary procedure has been grounded.

The Constitution of this Commonwealth contains two very pertinent provisions, which clearly refute the validity of defendant's implicit understanding. Article V, sec. 14, provides for appeals from summary convictions by magistrates: Act of May 10, 1927, P. L. 866, sec. 20, 42 PS §1060. Article V, sec. 10, provides for writs of certiorari from common pleas to review the record. Defendant has advanced nothing to establish reasonable grounds for ignoring long standing practice.

The appeal allows a trial de novo before the court of quarter sessions: Commonwealth v. Bey, 150 Pa. Superior Ct. 93. The court stated, at page 97, that where defendant has the privilege of having a trial de novo in quarter sessions, courts of common pleas (on certiorari) should not "be too captious in order to set aside the judgment of a magistrate". In that case there was an appeal from the order of a court of common pleas, on certiorari, dismissing exceptions to the record certified to the court by a magistrate.

So, also, in Perroni v. Thornberry, 173 Pa. Superior Ct. 647, an appeal from an order quashing a writ of certiorari as premature was dismissed. In that case defendant below obtained a writ of certiorari from common pleas prior to either a hearing or judgment by the alderman. That case held that the Superior Court had no jurisdiction to review the action of the court of common pleas on quashing a writ of certiorari. Hence, the finding of the court below that the writ was premature has added meaning.

Let us now assume that (1) the complaint was insufficient, and (2) the magistrate finds adversely to defendant on the jurisdictional ground and also on the merits. Would an adverse decision foreclose defendant? Obviously it would not. A record to sustain a conviction must be regular: Commonwealth v. Bey, supra; Commonwealth v. Pennysylvania Milk Products Corporation, 141 Pa. Superior Ct. 282. The record must affirmatively disclose the magistrate's jurisdiction. Ibid.

The significance of the judicial stature of magistrates is thus underscored. They are independent of any other tribunal except insofar as their *action* is subject to appellate review: McNair's Petition, supra; Bowman's Case, 225 Pa. 364. Here the magistrate has not yet acted. Neither courts of common pleas nor quarter sessions can directly supervise magistrates in the exercise of their powers. Ibid.

Counsel has provided no authority for the removal of a matter, prior to judgment, from the jurisdiction of a magistrate. Our own independent research has likewise failed to disclose support for the proposition. The interests of the public require that all matters proceed through the judicial process in an orderly manner with the rights of the individual protected. Such protection must not be inconsistent with the public interest in orderly judicial processes.

For that reason the well settled rule is that an appeal lies only from a final judgment unless otherwise provided by statute. See 2 Sharswood's Blackstone's Commentaries, book III, 5. This rule makes a definite contribution to the salutary principle that everyone is entitled to a day in court, and that right must be exercised in an orderly fashion.

A judgment issued by a court that lacks jurisdiction is a nullity. Lack of jurisdiction may be raised at any

14

point in the proceedings. Where, as here, it was raised initially, defendant may obtain review of the decision below. Thus, in Morch v. Raubitschek, 159 Pa. 559, the question of the jurisdiction of the court below to discharge defendant was reviewed. Defendant's objection to the exercise of jurisdiction by the magistrate is a proper subject for review by the appellate tribunal established for that purpose.

However, it is also clear that one may not take advantage of an alleged jurisdictional defect, which is curable, after he has acted on the merits. Hence, so far as it now appears, defendant has elected to stand on her objection. She will have an opportunity to have an adverse decision reviewed by the appropriate appellate tribunal if she so desires. She must however follow the established procedure.

The statutory procedure must be followed to the exclusion of all other remedies. In Commonwealth v. Seechrist, 27 Pa. Superior Ct. 423, defendant attempted to utilize all three possibilities, appeal to quarter sessions, certiorari to common pleas and habeas corpus. The court said, at page 425, after both the appeal and the certiorari were decided adversely to defendant, that "the judgment of the alderman thus became absolute and can be disregarded only for want of jurisdiction".

It would seem unnecessary to belabor the point any further; until a final judgment is rendered by the magistrate, any proceedings in this court are premature.

*Order*

And now, October 19, 1953, petitioner's petition for a rule on the Commonwealth, on Theresa J. Hewitt and on Magistrate McDevitt for a rule to show cause why the warrant should not be quashed is dismissed.