# Franklin Sugar Refining Co. *v.* Hanscom Bros., Appellant.

*Practice, C. P.—Affidavit of defense—Pleadings—Information and belief—Contract—Statements to deceive—Averment of reliance thereon necessary.*

1. A denial in an affidavit of defense is of no effect, if based solely upon the alleged ignorance of the defendant, without making inquiry regarding the facts averred.

2. Averments of the statement of claim not denied by the affidavit of defense must be taken as true.

3. A general averment in an affidavit of defense is unavailing to defeat a rule for judgment for want of a sufficient affidavit of defense.

4. An averment in an affidavit of defense upon information and belief only, where the affidavit also sets forth that the transaction occurred with defendant personally, cannot avail to defeat a rule for judgment for want of a sufficient affidavit of defense.

5. An affidavit of defense which avers certain statements were made for the express purpose of deceiving defendant and others, is unavailing unless it also avers defendant acted in reliance thereon.

*Contract—Sale of goods—Selection of grade—Option—Delivery —Measure of damages—Market price—Repudiation of contract.*

6. It is no defense to a contract, that it was entered into because of opinions or predictions regarding future events.

7. A contract for delivery during a specified month, or as soon thereafter as is possible, is not broken merely because the delivery was not made during the specified month.

8. A contract for the sale of a graded commodity, which requires delivery to be made of the goods selected by the buyer, is not broken by the seller if the buyer does not notify him of the grade desired.

9. If such a contract also provides that the seller may furnish some other grade, if the buyer does not specify within a reasonable time, the seller cannot complain because the buyer fails to exercise the option thus given.

10. In such case the damages are determined by the market price on the date when the contract was finally repudiated.

Argued January 20, 1922. Appeal, No. 120, Jan. T., 1922, by defendant, from judgment of C. P. No. 4, of Phila. Co., Dec. T., 1920, No. 7538, for plaintiff for want of a sufficient affidavit of defense, in case of Franklin Sugar Refining Co. v. Hanscom Bros., Inc. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute as to the September and October contracts. The damages were assessed as to each contract on the difference between the contract price and the market price of sugar on the date of defendant's repudiation of the contracts: see 30 Pa. Dist. R. 501, opinion by FINLETTER, J. Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*William W. Porter,* with him *Byron, Longbottom & Pape,* for appellant.—The contracts were void because induced by fraudulent misrepresentations: Thompson v. Chambers, 13 Pa. Superior Ct. 213; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; Edgington v. Fitzmaurice L. R., 29 Ch. Div. 459; Bower v. Fenn, 90 Pa. 359; Byrne v. Stewart, 124 Pa. 450; Edelman v. Latshaw, 180 Pa. 419; Sleeper v. Smith, 77 N. H. 337; Bradley v. Potts, 155 Pa. 418; Lengert v. Chaninel, 205 Pa. 280; Smith v. Smith, 166 Pa. 563; Blygh v. Samson, 137 Pa. 368.

Plaintiff was guilty of a breach of the contracts when it failed to deliver or tender the sugar during September and October: American Tin-Plate v. Trotter, 105 Fed. 478.

The measure of damages ought to have been the difference between the contract price and the market price in September and October, 1920, and not the market price on February 5, 1921: section 64 of Sales Act of May 15, 1915, P. L. 561; Honesdale Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293; Seward v. Penna. Salt Mfg. Co., 266 Pa. 457.

*George W. Pepper, Henry S. Drinker, Jr.,* and *Thomas Reath, Jr.,* for appellee.—The alleged misrepresentations were mere predictions and expressions of opinion, which cannot constitute fraud: Little v. Thropp, 245 Pa. 539; Coil v. College, 40 Pa. 439; Lynch's App., 97 Pa. 349;

Watts v. Cummins, 59 Pa. 84; Fulton v. Hood, 34 Pa. 365.

Plaintiff's right to tender available grades of sugar was a privilege and not a duty, and so long as defendant failed to furnish an assortment, plaintiff was not obliged to deliver or tender the sugar: Merchants, etc., Bank v. Spratt, 108 Pa. 97; Hamilton v. Calhoun, 2 Watts 139; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372.

The failure of defendant to furnish assortments operated as an extension of the time for delivery, and the damages are therefore determined by the market price on February 5, 1921, because that was the date when, upon final demand by plaintiff, defendant refused to perform the contracts: Hausman v. Johnson, 32 Pa. Superior Ct. 339; section 64 (3) of Sales Act of 1915, P. L. 561.

OPINION BY MR. JUSTICE SIMPSON, February 13, 1922:

Plaintiff sued upon five written agreements for the sale and delivery of sugar to defendant, claiming to recover the difference between the contract and market prices at the time the agreements were repudiated by the latter; plaintiff's rule for judgment for want of a sufficient affidavit of defense, so far as related to the first two agreements, was made absolute for the average number of pounds of sugar which the affidavit averred was contained in each barrel, and, the damages being assessed accordingly, defendant appealed.

The first of the agreements provides that plaintiff sells to defendant fifty barrels of sugar "f. o. b. Philadelphia......Delivery complete on receipt of goods by carrier......Assortment to be furnished to seller by buyer before September 1, 1920, but subject to such substitutions as seller may find necessary to make. In the event assortment is not furnished promptly, seller reserves the right to ship such grades as he has available at time of shipment. Delivery to be during September, or as soon thereafter as is possible, and buyer will accept delivery when made by seller. Seller is to have

option to make delivery from any of its refineries." The second agreement is in the same form as the first, except that the time of delivery is to be "during October."

The statement of claim avers that certain sugar had been sent in accordance with these contracts, that at all times plaintiff was ready to deliver the balance thereof, which was not forwarded, however, because defendant had not furnished the assortment it desired; and that when, after demand for compliance with the agreements, defendant finally repudiated them, the price of sugar had fallen to a specified figure.

After eliminating from the affidavit of defense all denials based solely upon the alleged ignorance of defendant, without making any inquiry as to the accuracy of the facts averred (Buehler v. United States Fashion Plate Co., 269 Pa. 428) and treating as true all the averments of the statement, which are not denied by the affidavit (Procedure Act of May 14, 1915, P. L. 483) we have to consider only: (1st) Were the contracts obtained by means of fraudulent misrepresentations? (2d) Was defendant released from liability because plaintiff breached the contracts? and (3d) Does the statement of claim set forth the proper measure of damages? Defendant's brief of argument says these are the "defenses relied upon."

Regarding the first, the affidavit says: "Defendant avers that during the spring and summer of 1920, the refined sugar market was abnormal, that sugar could not be purchased by defendant and others in the open market except at high and excessive prices, and then only from certain sources of supply controlling the sugar market, amongst others the plaintiff, which was party to such control as well as to the maintenance of such high and excessive prices." This general averment is of course unavailing. How many "sources of supply controlling the sugar market" were there; a few only, or all the refineries, exactly as in ordinary times? How did they control it; by rightfully or wrongfully acquiring all

the sugar that could be had? Had the affidavit alleged an unlawful control and set forth the facts justifying the averment, the case might have been brought within the rule laid down in Kountz v. Kirkpatrick, 72 Pa. 376; the failure so to do necessarily makes the allegations of no value: Little v. Thropp, 245 Pa. 539, 544.

The affidavit proceeds, "defendant is informed, believes and avers" that prior to the making of the second contract, but not before the first, plaintiff "represented in substance to the trade, amongst others the defendant, that refined sugar was scarce, and that such scarcity of sugar would continue throughout the year 1920, that unless plaintiff allotted sugar to its customers pro rata based on previous purchases, and delivered the same in accordance with such allotments, plaintiff's customers would not be able to get any sugar for the balance of the year 1920, and that the price of sugar would advance to 30 cents per pound before the end of the year; that plaintiff's said plan of making allotments was a new method of selling sugar, which was introduced and used by plaintiff and others controlling the sources of supply, for the express purpose of deceiving and taking advantage of the trade, amongst others defendant, by forcing and attempting to force abnormally large purchases of sugar at high and excessive prices."

These allegations are of no value, because averred upon information and belief only, though made to defendant itself; are principally allegations of opinion and not of fact; and so far as they relate to the averment that the plan of making allotments was introduced for the purpose of deception, no fact is given to justify the opinion, and the method has not in itself anything from which the court could infer it. On the contrary, on its face it would appear to be a beneficial means for enabling old customers to assure themselves of a supply of sugar at a time, three and four months distant, when the entire community was clamoring for it because the price had greatly advanced and it was believed would continue so

to do. Moreover there is no averment that the alleged "express purpose" was effective in defendant's case in that, by reason thereof, it contracted for "abnormally large purchases of sugar at high and excessive prices." The affidavit of defense expressly admits that at this time "sugar was in demand and could have been sold by plaintiff [and that] defendant did not indicate to plaintiff......any unwillingness on defendant's part to take the sugar," and, by failing to properly deny it, admits also that "plaintiff could not nearly meet the demands of the trade for the prospective output of its refinery." Beyond this, however, defendant has only itself to blame if it relied upon the matters of opinion above quoted (Watts v. Cummins, 59 Pa. 84, 91; Lynch's App., 97 Pa. 349, 352) ; if it was unwilling to buy unless protected against the possibility of a fall in price, it should have asked for a guarantee; doubtless it did not because it could not afford to take the risk of plaintiff's refusal to sell under such conditions, when it could easily have sold all the sugar obtainable, without making itself liable to market fluctuations.

The second defense relied upon grows out of the provision in the contract as to the time of delivery. It will be noted, however, that the deliveries were not to be made during September or October, but during those months, "or as soon thereafter as is possible," and that, before delivery was required, defendant was obliged to advise plaintiff what kind of sugar was desired. It is true, the latter could deliver any kind it had, if the former did not furnish the assortment, but this was an option on the part of the seller and not a compulsory requirement; admittedly defendant never furnished any assortment and, when plaintiff finally required it to act, it repudiated the contract. Hence defendant errs when it says plaintiff's failure "to make delivery of such grades of sugar as it had was a breach of contract on its part": Merchants and Manufacturers National Bank v. Spratt, 108 Pa. 97; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372.

The third defense is founded on the same contention as the second, namely, that plaintiff can only recover the difference between the contract price and the market price in September and October, and not the market price when the contract was finally repudiated by defendant. What we have said above disposes of this also.

The judgment of the court below is affirmed.