## Weaver, et al. v. Shimer, Appellant.

*Practice of C. P.—Affidavit of defense—Facts not denied—of proof.*

A fact averred in the statement of claim and not sufficiently denied in the affidavit of defense, is an admitted fact and becomes such for the purposes of trial, when properly put before the jury.

In an action of assumpsit on a written contract for standing

timber, the plaintiff's statement averred that defendant had failed to account for the timber cut and removed, as shown by statement attached and marked "Exhibit B." The affidavit of defense merely denied the averment. Such a general denial was insufficient; to make the averment of denial effective, it was necessary for the defendant to deny that he had failed to account for any part of the timber cut and removed or aver how much he did cut and remove and account for, and the denial must be so clear and specific that the plaintiff may forthwith obtain judgment for the amount to which there is no real defense.

Submitted April 25, 1927.   Appeal No. 45, September T., 1926, by defendant from judgment of C. P. Huntingdon County, December T., 1926, No. 135, in the case of Minnie T. Weaver, et al, v. John W. Shimer.   Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit on written contract, before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Veredict for plaintiff in the sum of $617.97 and judgment thereon.   Defendant appealed.

*Error assigned* was to the admission of evidence as referred to in the opinion of the Superior Court.

*Harry W. Petrikin,* for appellant.

*James S. Woods,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1927:

This is an action in assumpsit on a written contract, by the terms of which plaintiffs sold to defendant all the standing timber on a certain tract of land at prices therein fixed, and defendant bought said timber and agreed to cut and remove it at a date named.   From the judgment entered on the verdict for plaintiffs defendant has appealed.

At the trial plaintiffs offered in evidence the fifth

paragraph of the statement of claim, which stated: "The said John W. Shimer has failed to account for the timber cut and removed, and cut by him, as shown by a statement hereto attached, marked Exhibit 'B' and made part hereof," and defendant's reply thereto contained in the sixth paragraph of the affidavit of defense as follows: "The defendant denies the averment of fact in the fifth paragraph of the plaintiffs' statement." The purpose of the offer was to prove that the facts averred in said paragraph of the statement were not specifically denied and therefore were admitted. The single assignment of error filed raises only the narrow question whether the admission of this evidence was proper. Counsel for appellant contends that it was not incumbent upon him to deny specifically every item in Schedule "B"; that when he denied the averments in paragraph five of the statement in the manner in which he did it was a specific denial that he owed plaintiffs the amount of money alleged to be due; and that a fair interpretation of this paragraph of the affidavit of defense is that defendant is not indebted to plaintiffs in any sum. This contention we cannot sustain. Sections 6 and 8 of the Practice Act of 1915 (P. L. 483) provide that, "Every allegation of fact in plaintiff's statement......, if not denied specifically or by necessary implication in the affidavit of defense ...... shall be taken to be admitted ...... It shall not be sufficient for a defendant ...... to deny generally the allegations of the statement of claim ........; but, ...... (he) shall answer specifically each allegation of which he does not admit the truth." The word "denied," as applied to an averment of several necessary facts, has never been regarded as sufficient: Bowles v. Fed. Electric Co., 89 Pa. Superior Ct. 160, 162. A general denial controverts the paragraph as a whole and would be quite truthful, if but a fraction of the allegations answered

were correct. To make his denial effective it was necessary for defendant to deny that he failed to account for any part of the timber cut and removed, or aver how much he did cut and remove and account for, and the denial must be so clear and specific that plaintiff may forthwith obtain judgment for the amount as to which there is no real defense: Fulton Farmers Ass'n. v. Bomberger, 262 Pa. 43, 46. A fact averred in the statement of claim and not specifically denied in the affidavit of defense is an admitted fact and becomes such for purposes of trial when put before the jury in one of three ways, one of which is "by offering in evidence specific parts of the statement of claim, with what counsel conceive to be the replies thereto contained in the affidavit of defense, and having the facts thus sought to be established placed on the notes of trial as admitted, because averred in the statement and not denied in the affidavit of defense": Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 434. As the evidence, to which appellant objected, was put before the jury in strict accordance with the practice suggested in the Buehler case, the assignment of error must be dismissed.

The judgment is affirmed.