Seaman *v.* Tamaqua National Bank, Appellant.

Submitted May 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

296

*John F. Whalen, R. J. Graeff* and *D. J. Boyle,* for appellant.

*Frank P. Krebs, John A. Keppelman* and *Roscoe R. Koch,* for appellee.

PER CURIAM, July 1, 1929:

In this action of assumpsit, judgment was entered on a verdict for plaintiff and defendant has appealed.

Plaintiff proved his case by putting in evidence certain averments of the statement of claim and corresponding parts of his opponent's affidavit of defense, which either failed to deny plaintiff's averments or did it in so general and evasive a manner as to be equivalent, in law, to no denial. Such a method of proof is legitimate when the pleadings warrant it: Beuhler v. U. S. Fashion Plate Co., 269 Pa. 428, 432, 433; Franklin Sugar Ref. Co. v. Hanscom Bros., 273 Pa. 98, 102; Irwin v. Weikel, 282 Pa. 259, 263; Maguire v. Gallagher, 89 Pa. Superior Ct. 576, 580; Weaver v. Shimer, 91 Pa. Superior Ct. 186, 189. After reading the statement of claim and affidavit of defense now before us, we find the averments of the former, in the absence of legally responsive answers, sufficient to warrant the court below in directing the

jury to find for plaintiff, and, as previously stated, the answers in question are not responsive. This being the case, there is no lack of proper evidence to sustain the verdict on which the judgment was entered.

Rule 50 of our court provides for a statement of the questions involved, and how each was answered by the court below. When this rule was first promulgated, it contained the declaration that "The statement of the questions involved is designed to enable the [appellate] court to obtain an immediate view of the nature of the controversy." This means "an immediate view of" the controlling point or points involved on appeal. The rule has been in effect since 1900 (Moschzisker's Legal Essays, page 207), and recent printings of it have omitted the original preliminary declaration, because it was assumed that by this time the bar appreciated the purpose to be accomplished. So many badly drawn statements of questions involved have been before us of late, however, that it becomes necessary again to call the attention of the profession to the purpose of the rule. A properly drawn statement of questions involved should present the propositions for judicial determination in such a manner that the point of law embraced in or suggested by each question may be readily understood, in a general way, even though it cannot be determined without looking elsewhere in the brief or printed record. Each point on which an appellate ruling is desired should be stated as a question for decision, with the lower court's answer thereto, namely, whether affirmed or denied; and each question should be phrased so that the point of law intended for solution may plainly appear. The rule provides that the statement of questions involved "must set forth each question separately without names, dates, amounts or particulars of any kind," and in some cases the broad facts giving rise to the questions involved may be too many and too complex to admit of mention within the limited space allowed by the rule. When possible to state the broad

facts, of an essential nature, involved in a question raised on appeal, that course should be pursued; but where, as here, such facts are so numerous and of such a character that they cannot be even epitomized within the limited space allowed by our rule, counsel must do the best he can under the circumstances to state or suggest, in a general way, the substance of the governing questions he desires to argue; he cannot comply with the rule by merely indicating how these questions arose, with specific references to places in the record for further information, which is about the best that can be said of the present statement.

Appellant states ten "questions involved," the first of which we shall quote, the others being substantially in the same form: "Error in holding defendant's answer to the sixth paragraph of plaintiff's statement was not sufficient and was an admission (24a)." Such a statement neither sets forth nor suggests any concrete question of law for the mind to fasten on; it fails to comply with either the letter or the spirit of the rule. The questions involved, shown by appellant's contentions, could well have been put somewhat as follows: (1) Does plaintiff's statement of claim, alleging a liability arising out of certain commercial transactions, aver facts which, if proved and unanswered, or insufficiently answered, would entitle him to recover against defendant? Affirmed. (2) Are the averments relied on by plaintiff so insufficiently answered by the affidavit of defense as to warrant regarding them as admitted? Affirmed. (3) On proofs of the nature indicated in questions 1 and 2, should a verdict for plaintiff be sustained, the trial judge having charged that the evidence thus produced showed sufficient admitted facts to require such a verdict? Affirmed. We have already held that these questions were properly ruled by the court below.

The judgment is affirmed.