Commonwealth *v.* Cauffiel, Appellant.

Per Curiam, December 23, 1929:

Defendant asked for the allowance of appeals from judgments of the Superior Court affirming sentences against him on certain criminal indictments; he sets forth eight questions for argument before this court. All these questions involve constitutional points, federal and state; but, so far as the record shows, none of them was stated as a question involved when the case was argued on appeal before the Superior Court, though, in a supplemental brief filed after the argument in that tribunal, mention is made of certain provisions of the Constitution of Pennsylvania, now sought to be insisted upon as protecting defendant against part of the sentence imposed on him. We may add that none of the constitutional questions said to be involved appears to have been raised in the trial court.

Rule 50 of the Superior Court provides that an appellant must state the questions involved in a required manner, and that "no point will be considered which is not [thus] set forth." See Rule 50 of the Supreme Court to like effect. Both courts have uniformly upheld this rule: Cairns v. Spencer, 87 Pa. Superior Ct. 126, 129; Stephens-Adamson Mfg. Co. v. Armstrong, 245 Pa. 552, 553; Collingdale Boro. v. P. R. T. Co., 274 Pa. 124, 129; Roberts v. Cauffiel, 283 Pa. 64, 70; and for a general discussion of the rule see Seaman v. Tamaqua Nat. Bank, 297 Pa. 294. Moreover, the established rule is that questions not raised in the court below will not be considered on appeal by the Supreme Court for the purpose of reversing a judgment; and, generally speaking, this last mentioned rule applies even to constitutional questions: State Hospital for the Criminal Insane v. Consolidated Water S. Co., 267 Pa. 29, 39; Opening of Parkway, 267 Pa. 219, 227; Consol. Cigar Corp. v. Cor-

bin, 285 Pa. 273, 281. Such a rule also prevails in the United States Supreme Court (White River Lumber Co. v. State of Arkansas, 279 U. S. 692, 700; 49 S. C. Rep. 457, 460; Silver v. Silver, 50 S. C. Reporter 57, 58) ; and in this State, on application for appeal from the Superior Court, the rule applies to questions not properly raised in that tribunal. In Clarion Borough's Petition, 275 Pa. 175, 176, we said: "This is an appeal from the Superior Court, allowed because a constitutional question was alleged to be involved; but the record shows no such point presented to that tribunal. ......  Under such circumstances, appellants have no standing to be heard in this court [on the question alleged to be involved]: Chartiers Creek Bridge, 235 Pa. 365." All the defendant asked at argument of his appeal in the Superior Court was the review of trial questions, and, as to those, this court some time ago, on a prior application, refused to allow an appeal. True, in a petition for reargument filed with the Superior Court December 11, 1929, after the appeal to that tribunal had been finally disposed of and after an application for an appeal to us had been refused, defendant did endeavor to obtain an opportunity to present some of the constitutional points which he now desires to argue before us; but that petition was denied and is not referred to in the present petition.

The principal constitutional questions now sought to be raised have to do with a part of the sentence against defendant, purporting to remove him from an elective office because of his conviction of corruption in that office, it being alleged by defendant that the court below had no jurisdiction, in the sense of legal power, to include such a penalty in the sentence, and therefore that the part of the sentence in question breaches the due-process-of-law provision of both the federal and state Constitutions, notwithstanding the statement in section 4 of article VI of the Constitution of Pennsylvania, that a public official "shall be removed on conviction of mis-

behavior in office"; but, as before indicated, defendant is not now in a position to raise these questions. If such questions have any legal merit, defendant may insist upon them in a proceeding against anyone who might take possession of the office which he claims the right to hold; this of itself would be sufficient reason, on the present record, for refusing the instant application. If in such other proceeding defendant maintains his position that the part of the sentence which purports to oust him from office is constitutionally void, the fact of the sentence being in effect unappealed from will in no sense make it res judicata, or deprive him of proper relief.

The application for an appeal is refused.