## Commonwealth ex rel. Owens v. Bosak

*Maurice J. Cummings* and *James J. Powell,* for relator.
*Michael J. Martin,* for respondent.

VALENTINE, J., eleventh judicial district, specially presiding, December 21, 1931.—At the general election held November 5, 1929, John O'Connor was

elected tax collector of the Borough of Olyphant for a term of four years, beginning on the first Monday of January, 1930.

On November 21, 1930, said O'Connor was convicted in the Court of Quarter Sessions of Lackawanna County of the crime of embezzlement. Following his conviction, the court made the following order:

"Sentence suspended upon payment of costs and that he [defendant] tender his resignation by noon this date.

"MAXEY, Judge."

Following this order, O'Connor tendered the following resignation:

"Now, 21st of November, 1930, in compliance with the order of the Court of Quarter Sessions of Lackawanna, through Hon. George W. Maxey, this day entered, I, the undersigned, John O'Connor, hereby tender my resignation as Tax Collector of the Borough of Olyphant, to take effect at once.

"JOHN O'CONNOR."

On November 22nd, the court of quarter sessions made the following order:

"A vacancy exists in the office of Tax Collector of the Borough of Olyphant due to sentence imposed on the former tax collector. There may be some doubt as to the question who makes the appointment, but there is no doubt of the necessity of immediate action. The court is unanimous in the selection of John Bosak, 126 West Grant Street, Olyphant, and requests that the different boards confirm his appointment by resolution and fix the amount of bond.

"By the Court. LEACH, J."

The next regular meeting of the Olyphant Borough Council was held December 3, 1930, at which meeting a resolution confirming the appointment of Bosak as tax collector was offered and defeated by a vote of eight to four. A resolution accepting the resignation of O'Connor and appointing Thomas J. Rogan to fill said vacancy was then presented and passed by a vote of eight to four. This resolution was immediately submitted to the burgess for approval and disapproved by him on December 31, 1930.

At a meeting of the borough council held December 10, 1930, the bond of Rogan as tax collector, in the sum of $75,000, with the Equitable Casualty & Surety Co., of New York, as surety, was presented and approved by a vote of eight to four. On December 17, 1930, this bond was presented to the court of quarter sessions for approval and a rule was granted by the court to show cause why it should not be approved, which rule was returnable December 24, 1930, and on December 31, 1930, the court made the following order disapproving the bond:

"Now, December 31, 1930, it appearing that the insurance company proffered as surety in the within bond is not qualified in law to act as surety, the rule is discharged.

"By the Court, LEACH, J."

At the time of the hearing on the rule and at the time of the making of the order, the Equitable Casualty & Surety Co. had become involved in financial difficulties and was in the hands of the Insurance Commissioner of New York State for the purpose of liquidation.

At a meeting of the borough council held January 7, 1931, the resolution appointing Rogan tax collector which had been returned "not approved" by the burgess, was duly passed over his veto by a vote of eight to four. At the same meeting a bond in the sum of $75,000, with individual sureties, was approved and subsequently presented to the court for its approval, but was replaced by a substituted bond with the New Amsterdam Casualty Co. of Baltimore, Md., as surety.

On January 5, 1931, on petition of a number of citizens and taxpayers of the Borough of Olyphant, the court of quarter sessions made the following order:

"Now, January 5, 1931, upon consideration of the underlying petition, John Bosak, a qualified elector of the Borough of Olyphant, is appointed to the office of tax collector therein, to fill the vacancy which has continued since November 21, 1930.

"The vacancy was occasioned by the ouster of John O'Connor, late incumbent, incurred by the terms of sentence imposed by this court upon his conviction of a misdemeanor in office, on indictment No. 398, October Sessions, 1930.

"This appointment to be for the unexpired term of said O'Connor.

"By the Court, LEACH, J."

Rogan filed his oath of office with the Clerk of the Courts of Lackawanna County on January 10, 1931.

On April 6, 1931, the court disapproved the substituted bond with the New Amsterdam Casualty Co. of Baltimore, Md., as surety, presented by Rogan. The order disapproving said bond reads as follows:

"On November 21, 1930, John O'Connor, late collector of taxes in and for the Borough of Olyphant, said county, in compliance with the terms of sentence imposed by this court upon his conviction of a misdemeanor in office on Indictment No. 398, October Sessions, 1930, resigned as tax collector of the Borough of Olyphant, to take effect at once.

"On January 5, 1931, more than thirty (30) days having elapsed since said resignation, and no other person having qualified for said office, John Bosak, a qualified elector of said borough, was appointed by said court to the office of tax collector therein to fill said vacancy.

"The said John Bosak has qualified and we, therefore, can find no reason to approve the bond tendered by Thomas J. Rogan, who claims he was elected to said office by the borough council of said borough.

"Now, April 6, 1931, the court refuses to approve said bond.

"By the Court, LEWIS, J."

Following the order of appointment of January 5, 1931, Bosak filed his oath of office and presented his surety bond, which was approved, and began collecting taxes.

O'Connor did not suffer removal as part of the sentence, as did the defendant in Com. v. Cauffiel, 97 Pa. Superior Ct. 202, 298 Pa. 319, or in Com. ex rel. v. Davis, 299 Pa. 276. Regardless of what induced the resignation, the vacancy in question was created by resignation as distinguished from removal.

Under the provisions of section two of the Act of June 25, 1885, P. L. 187, vacancies in the office of tax collector in boroughs were filled by the court of quarter sessions. This act was superseded and repealed by the Act of May 17, 1917, P. L. 221, which placed the power of appointment in the county commissioners. The Act of 1917 was in turn repealed by that of May 8, 1923, P. L. 171, which gave the borough council authority to fill such vacancies.

The General Borough Act of May 4, 1927, P. L. 519, repealed the Act of 1923 and provides (Sec. 901):

"If any vacancy shall occur in the office of burgess, member of council, auditor, controller, high constable, or tax collector, by death, resignation, removal from the borough, or from a ward in the case of a ward office, or by failure or neglect to give bond as provided by law, or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by reso-

lution, a qualified resident of the borough to such office for the unexpired term of the office."

We are constrained to the conclusion that section 901 of The General Borough Act of 1927 placed the power of filling the vacancy in the office in question in the borough council, and that the court of quarter sessions was without authority to make the order of November 22, 1930. Indeed, the language of the order indicates that the court had grave doubt as to its authority in the premises.

Is the respondent entitled to the office under and by virtue of the order of appointment of January 5, 1931?

Section 902 of The General Borough Act provides:

"If the council of any borough shall refuse, fail, or neglect, or be unable for any reason whatsoever, to fill any vacancy, within thirty days after the vacancy happens, as provided by the preceding section, then the court of quarter sessions shall, upon petition of the burgess or council or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office."

The authority of the court to make such appointment depends upon the fact that the borough council refused, failed, neglected or was unable to fill the vacancy within thirty days after it occurred. The vacancy in question occurred on November 21, 1930. At a meeting of the council held on December 3, 1930, the respondent was duly appointed. The power of appointment was vested in the borough council and the resolution appointing Rogan was not required to be submitted to the burgess for approval: Eddy v. Ashley Borough, 281 Pa. 4; Com. ex rel. v. Bitner, 294 Pa. 549, 554. Upon his appointment, Rogan attempted to qualify and enter upon the performance of the duties of the office; his bond was presented to and approved by council, and when presented to the court for approval on December 17, 1930, a rule was granted and hearing fixed for December 24, 1930, but no order made until December 31, 1930, when the bond was disapproved. The bond was executed and filed within thirty days, but the order of disapproval was made at a time when it was impossible for Rogan to tender a new bond within the period of thirty days from the time of the vacancy. There was no failure on the part of Rogan in the preparation or presentation of his bond, but complications arose from the fact that shortly after the execution of the bond, and about the time of its presentation for approval, the surety became involved in financial difficulties.

We find no requirement that a person appointed as tax collector shall qualify within thirty days from the creation of the vacancy filled by such appointment. Section 1081 of The General Borough Act provides for the taking and filing of an oath of office before the duties of the office are entered upon and the annual furnishing of a bond to be approved by the court of quarter sessions. An appointment made by the borough council on the twenty-ninth or thirtieth day after the creation of the vacancy would be a valid appointment, and, under section 901 of the act, the appointee then named would be entitled to the office upon subsequently taking and filing the oath of office and furnishing a bond as required by section 1081.

If we accept the alternative suggested by counsel for the respondent, that said office has been vacated by Rogan by reason of his "failure or neglect to give a bond as provided by the law," such vacancy would, under the provisions of section 901 of The General Borough Act, be filled by the borough council, and not by the court of quarter sessions. The jurisdiction of the court under section 902 only arises where the vacancy has existed for more than

thirty days and the borough council has refused, failed or neglected or has been unable to fill the same. In the case now under consideration, such a condition did not exist.

Therefore, now, December 21, 1931, the defendant, John Bosak, is adjudged guilty of usurping, intruding into, unlawfully holding and exercising the office of Tax Collector of the Borough of Olyphant in Lackawanna County, Pa., and judgment given that he be ousted and altogether excluded from said office.

It is further ordered that the respondent pay the costs.

From Frank P. Slattery, Wilkes-Barre, Pa.