## Kline Township School Directors' Case.

Argued September 25, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ralph M. Bashore,* with him *G. Harold Watkins, O. A. Wisansky* and *Adam Bavolack,* for appellants.

*James J. Gallagher,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, October 30, 1945:

On March 13, 1944, thirteen resident taxpayers of the Township of Kline, Schuylkill County, filed a petition for the removal from office of James D. Cavalier, Steve Hennick and Frank Fiorelli, School Directors of the Kline Township School District, pursuant to Section 217 of the School Code of 1911 (24 P.S. 180), alleging, inter alia, that the School Directors "in disregard of the provisions of the School Code . . . and in violation of their oaths of office," approved and accepted certain warrants for the payment of money not due them, for the attendance of the directors at School Directors' Conventions and for certain trips to Harrisburg and to Pottsville. It is not disputed that certain of the warrants offered as evidence for the payment of money to the respondents were not for any purpose authorized by law and that other warrants were for amounts substantially in excess of the amount allowed by law for attendance upon the annual conventions of school directors.

Appellants filed a joint answer, alleging, inter alia, that Steve Hennick has not been since February 29, 1944, a School Director of the Kline Township School District, having resigned on the date just mentioned,

and alleging further that the warrants were not issued in disregard of the provisions of the School Code, but they were drawn for a lawful purpose. The answer further set forth that the petition did not aver that the appellants have refused or neglected to perform any mandatory duties imposed upon them by the School Code.

The total amount of the warrants which were drawn in favor of the respondents and others who were at the time of the issuance of the warrants, members of the School Board, was $1024. Of this sum Cavalier received $273 and Fiorelli received $142. The court below, with Judge PALMER dissenting, removed Cavalier and Fiorelli from the office of School Director. The substance of the court's opinion was that these directors and others received and approved for payment warrants for money which under the law it was not proper for them to receive or approve. The court cited Section 224 of the School Code of 1911, reading as follows: "All persons elected or appointed as school directors shall serve without pay except as hereinafter provided." The court also cited Section 226 of the School Code, which reads as follows: "No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act."

Under Section 410 of the School Code, added by the Act of April 18, 1919, P. L. 56, amended May 4, 1927, P. L. 684, it is provided that the board of school directors of each district may appoint from among their number one delegate to any convention of school directors and may also appoint the secretary of the board as a delegate to attend the annual state convention of secretaries of boards of school directors to be held at the same time and place as the State Convention of School Directors. Each delegate shall be reimbursed for all necessary traveling and hotel expenses actually incurred. Such expenses

shall be paid upon the presentation of an itemized, verified statement of such expenses.

The only other provision in the School Code where members of the School Board may be paid money out of the treasury of the School District is in Section 803 of the School Code. That section provides that it is the duty of school directors to attend annual conventions of school directors called by the County Superintendent and each school director attending such convention shall receive for his expenses the sum of $4.00 per day and mileage at the rate of four cents per mile for the distance necessary to be traveled in going to and from such convention.

The court below found from the evidence that the warrants used by the respondents to obtain money from the school district were clearly illegal. The court said: "The Respondents when they either approved these warrants for payment or accepted the warrants and cashed them, abused the confidence which had been placed in them by the voters of Kline Township." The respondents challenge not these findings of fact, but the court's power to remove them from office. President Judge PALMER in his dissenting opinion held that if the charges made against these respondents are true they committed the crime of extortion at common law, citing *Commonwealth v. Channing,* 55 Pa. Superior Ct. 510, and that they should be proceeded against only in the *criminal* courts.

The Court of Common Pleas has no authority to remove School Directors unless their delinquency amounts to a failure to perform a duty which by the provisions of the School Code of 1911 is "made mandatory upon them to perform." It is not for *every* breach of duty that directors may be removed from office but only for the breach of those *positive* duties whose performance is commanded. The purpose of this provision is clear. If a School Director refuses to perform the necessary functions of his office he must relinquish it, and if he

does not do so voluntarily, the Court of Common Pleas can adjudge him to be officially defunct and appoint a qualified person in his place. The first words in Section 217 of Article 2 of the Code illustrate the kind of duties whose performance subjects a director to removal. The words are: "If the board of school directors . . . shall fail to organize or refuse or neglect to perform any duty imposed upon it by the provisions of this act," etc. The mandatory duties of school directors are clearly set forth in the School Code. Among these duties are: taking the prescribed oath of office, electing a president, secretary and treasurer at the board's "first meeting, or as soon thereafter as possible" (as a temporary organization), and then at the time prescribed effecting a permanent organization. The board of directors is commanded to "establish, equip, furnish and maintain a sufficient number of elementary public schools, in compliance with the provisions of the School Code and to appoint teachers," etc. The board is also commanded to levy and assess taxes for school purposes. The officers chosen by the directors also have certain mandatory duties to perform.

The entire tenor of Section 217 indicates that it is for *non*-feasance and not for malfeasance or misfeasance, in office that a director may be removed. He is removable not for doing evil things in office but for not functioning as a director in respect to his mandatory duties. For his non-functioning and not for his criminal actions while in office is he removable by a Court of Common Pleas. For a director's criminal acts, the procedure by indictment and conviction must be invoked to get him out of office.

Article VI, Section 4 of the Constitution provides that "all officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime." This provision applies to school directors as well as to other public officers, and

if these respondents are guilty of the crime of extortion, i. e., taking money illegally under color of their office, or of conspiracy to defraud the school district, they should have been proceeded against criminally and upon conviction they could have been removed from office.

This court held in *Davis's Appeal,* 314 Pa. 357, 172 A. 399, that a school director could not be removed by the Court of Common Pleas upon proof that he had received bribes. We quoted Section 225 of the School Code as providing specifically that "any school director who shall . . . receive any money or any other valuable thing for voting for or against . . . any appointment or matter or action that shall come before the board . . . shall be guilty of a misdemeanor, and on conviction thereof shall forfeit his office . . ." We said this provision was "exactly the same as the general provision in Article VI, Section 4 of the state Constitution," supra. We added, later in the opinion, that Article VI, Section 4 of the Constitution evidences "a strong feeling among the people . . . that one accused of crime, shall not be punished in any way therefor unless he shall have been first convicted thereof by a 'jury of his peers.' "

While the School Code *specifically* provides for a school director's removal if convicted of *bribery,* we think this specific provision does not warrant a conclusion that for the crime of *extortion* or of *conspiracy* to defraud the district, school directors may be adjudged guilty by a Court of *Common Pleas* and then removed from office. The use of the phrase "removed on conviction," in Article VI, Section 4 of the state Constitution requires us to hold that when a school director is charged with any crime, he cannot be removed from office for committting that crime until the latter is proved in a court in which crimes are cognizable.

The provision in Article VI, Section 3 of the Constitution relating to the liability of "the Governor and all other civil officers" "to impeachment for any misdemeanor in office," and the provision in Section 4, supra,

constitute a mandate from the organic law that for positive acts of misbehavior in office public officials are removable only after their guilt is established either in impeachment proceedings or "on conviction of misbehavior in office or of any infamous crime."

That a school director's criminal offenses are not cognizable by the Court of Common Pleas is further evidenced by the provision of Article III, Section 332 of the Act of May 18, 1911, P. L. 309, 24 P.S. 309, which provides that "in case any school treasurer shall convert to his own use . . . any portion of the school funds . . . or shall fail to account for and pay over . . . and all interest or profit collected by or paid to him on account of any school funds in his hands, or deposited by him . . . every such act shall be deemed and adjudged to be an embezzlement" and upon the conviction of the treasurer of such offense, he is not only subject to a fine and imprisonment but his office becomes forfeited. The offenses charged against these appellants are closely related in their moral and legal aspects to the embezzlement just defined, for these directors "converted to their own use" school funds entrusted to their official guardianship. If a faithless treasurer of a school district cannot be removed from office until he is convicted of converting to his own use, school funds, it is consistent to hold that a faithless director cannot be removed from office for diverting school funds to his private purse until he has been convicted in the appropriate forum.[1]

When the School Code provided for the removal by the Court of *Common Pleas* of school directors for

---

[1] Section 318 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS 4318 provides "Whoever, being a public. officer, wilfully and fraudulently receives or takes any reward or fee to execute and do his duty and office, except such as is or shall be allowed by some act of Assembly, or receives or takes, by color of his office, any fee or reward whatever, not, or more than is, allowed by law, is guilty of extortion, a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment not exceeding one (1) year, or both."

neglect of those duties which by the School Code were "made mandatory upon them to perform," it did not purport to authorize that Court [2] to take over from the criminal courts the function of convicting persons accused of crimes. If the Code attempted to do this it would be inconsistent with the above cited constitutional provisions and pro tanto void.

The facts found by the court below while warranting the due prosecution in the criminal courts, of the directors involved, did not make out a case for *their removal from office* under the provisions of Section 217 of the School Code.

Section 219 of the School Code provides: "The court shall impose the costs of such proceedings upon the petitioners, or upon the school directors, or upon the school district, or may apportion the same among them as it shall deem just and proper." Under the facts of this case it is "just and proper" that the appellee school directors should pay the costs of these proceedings.

The judgment of the court below is reversed, but appellees, James D. Cavalier and Frank Fiorelli, are directed to pay the costs.

---

[2] As to the long established jurisdiction of the Court of Common Pleas see 3 Blackstone 37, 38 and 39.