## In re Dupont Borough Council

Before Valentine, P. J., Lewis, and Pinola, JJ.

*Mitchell Jenkins*, for petitioners.

*Antonio Ellini*, for respondents.

VALENTINE, P. J., March 20, 1950.—Petitioners, resident taxpayers of the Borough of Dupont, seek the removal of certain members of the borough council upon the allegation that they have violated sundry provisions of the Borough Code. Respondents, con-

tending that under Pa. R. C. P. 1017 jurisdictional questions are properly raised by preliminary objections, filed the following objections:

"1. There is no provision in the Borough Code enabling the court to declare vacant councilmanic offices for violation of the alleged mandatory provisions as set forth in the petition.

"2. The court is without jurisdiction to declare vacant councilmanic offices for violation of the alleged mandatory provisions set forth in the petition."

The correctness of this procedure has not been questioned.

Counsel for petitioners concedes that there is no statutory authority for the procedure adopted, viz: a rule to show cause, such as is provided for by section 217 of the School Code.

A rule to show cause is not, except by statutory authorization, to be used as an original process in any case, but is an auxiliary process and is used for the facilitating of jurisdiction already acquired: Short v. Board of School District of Upper Moreland Township, 108 Pa. Superior Ct. 503.

The jurisdiction of the common pleas court to remove elected officers is conferred by statute. In the absence of legislation authorizing such procedure, the court has no authority to remove public officers: Kline Township School Directors' Case, 353 Pa. 91. All officers "hold their offices on the condition that they behave themselves well while in office," and are removable "on conviction of misbehavior in office or of any infamous crime": Article VI. sec. 4 of the State Constitution. However, under this provision officers are removable only "on conviction". A public officer who wilfully neglects to perform any duty, which he is bound by statute to perform, is guilty of a misdemeanor (Commonwealth of Pennsylvania v. Rosser et al., 102 Pa. Superior Ct. 78), and upon conviction

is subject to removal from office as part of the sentence: Commonwealth ex rel. v. Davis, 299 Pa. 276.

The power to remove a public officer has been aptly summarized by Mr. Justice Simpson in Commonwealth ex rel. v. Reid, 265 Pa. 328, 333, as follows:

"The people are entitled to the services of the officer during the entire term for which they elected him (Lloyd v. Smith, 176 Pa. 213), unless he be removed in a way prescribed by the Constitution, if the officer is a constitutional officer (Bowman's Case, 225 Pa. 364), or by the Legislature or under its authority in the manner provided by Constitution or statute, if the officer is not a constitutional officer: Com. v. Weir, 165 Pa. 284-288."

We conclude that the procedure adopted is without basis in law, and that the court lacks jurisdiction.

Therefore, now, March 20, 1950, the proceedings are dismissed.