## Stroup, et al. *v.* Schonek.

Argued March 8, 1972, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER and ROGERS. Judge BLATT disqualified
herself and did not participate.

*Bruce E. Cooper,* with him *Cooper, Friedman & Friedman,* for plaintiffs.

*Harold E. Kohn,* Special Attorney, with him *Barry A. Roth,* Deputy Attorney General, *Lawrence J. Beaser,* Assistant Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendant.

PER CURIAM OPINION, April 27, 1972:

The legal issues involved herein are discussed and resolved by this Court in *Stroup, et al. v. McNair,* 5 Pa. Commonwealth Ct. 244,       A. 2d      (1972) (filed herewith).

ORDER

Now, April 27, 1972, the Preliminary Objections of the defendant are sustained and the plaintiffs' Complaint dismissed.

———————

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. My reading of Article IV, Section 8, of the Pennsylvania Constitution of 1968 impels me to a conclusion contrary to that reached by the majority. Assuming that the appointment in question was validly made by the Governor, I can read the language of the Constitution only to provide that the appointment expired at the end of the Senate session in which the appointment was made. Article IV, Section 8(b) of our present Constitution provides in part: "Except as may now or hereafter be otherwise provided in this Constitution as to appellate and other judges, he may, during the recess of the Senate, fill va-

cancies happening in offices to which he appoints by granting commissions expiring at the end of its session and fill vacancies happening in the office of Auditor General or State Treasurer or in any other elective office he is authorized to fill. . . ."

The appointment was made during the *155th session* of the Senate when the Senate was in recess and this session ended at noon on January 4, 1972 when the 156th session of the Senate commenced. Article II, Section 4, provides that the General Assembly shall meet at twelve o'clock noon on the first Tuesday of January each year and shall be a continuing body during the term for which its representatives are elected. The area of confusion and honest difference of opinion stems from a lack of agreement as to what is a "session." I deem it to mean that period of time commencing, as designated by Article II, Section 4, at twelve o'clock noon on the first Tuesday of January each year and ending one year later at twelve o'clock noon on the first Tuesday of January. During that period the Senate is either (1) meeting together to transact its affairs and *in session prior to final adjournment* or (2) *in recess,* subject to recall by the Governor for a special session. However, at any given time during its session of one full year the Senate is either in recess or meeting together. Adjournment of the Senate at any time within the session year does not end the session but only places the Senate in recess as that term is used in Article IV, Section 8.

I comprehend the session of the Senate to be a full one-year period which may be divided into two parts by the Senate's adjournment. That period of the session prior to adjournment is designated in Article IV, Section 8, as "the session of the Senate . . . before its final adjournment . . ." and that period of the session after adjournment is designated as "during the recess

of the Senate." A new session commences at noon of the first Tuesday of January of each year and the former session ends at that moment.

However, the majority reasons that, since the Governor has the authority to make recess appointments, "then we must decide that such authority was to be meaningful and not limited to appointments to terminate in a matter of days or weeks as such recess appointments would normally do under plaintiffs' position." Surely there has to be a time of termination for every appointment. Under Article IV, Section 8, that time is placed as "the end of its session" while under the reasoning of the majority it would be at the end of a "meaningful" period following the appointment and "not limited to appointments to terminate in a matter of days or weeks . . . ."

The majority states that "[i]t may very well be that such was the intention of the people when they adopted the new Constitution, so as to avoid what the plaintiffs assert is the circumvention of the constitutional restraint on gubernatorial appointments." I submit it was not only the intention of the people, but it is what they accomplished in bold, clear and unequivocal language. How can a recess appointment made during the 155th session "expiring at the end of *its* session" (emphasis supplied) mean anything other than that it will end when the Senate's 155th session ends, which time was at noon on January 4, 1972? When the words of a constitutional provision are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Ordinary words used in the state Constitution must be construed in their popular and general sense, as the people who voted for it would normally understand them. *Commonwealth v. Davis*, 299 Pa. 276, 149 A. 176 (1930).

The majority finds comfort in the fact that the corresponding provision of the former Constitution provided: ". . . he [the Governor] shall have power to fill all vacancies that may happen, in offices to which he may appoint, during the recess of the Senate, by granting commissions which shall expire at the end of *their next session* . . . ." (Emphasis supplied.)

It is asserted by the majority that for a recess appointment to terminate at the end of the recessed session the present Constitution would have had not only to delete the word "next" from the former constitutional provision, but also to have substituted therefor "current" or "recessed." Why so? I suggest it merely be read as now written. Without the word "next," it plainly states that recess appointments shall expire at the end of the session during which they were made by the Governor. The additional words "current" or "recessed" would achieve the same result but they would clearly be surplusage and unnecessary. What other session could be meant but the session during which the Governor appoints? Surely not the next session, because that word has been deleted. Surely not the last session. Certainly the only session involved is the Senate session which is in recess when the Governor makes the appointment.

On May 17, 1967, the people of Pennsylvania expressed their clear intentions to change certain provisions, including Article IV, Section 8, of the Pennsylvania Constitution. It cannot be denied that the change achieved that day in Article IV, Section 8, greatly limits the term of the recess appointee. This limitation is the direct result of the electorate's desire to end wholesale appointments during any recess of the Senate and especially when such recess occurs only a few days before the end of the Senate's session. The purpose of recess appointments is to insure the orderly operation

of government during a substantial period of time when the Senate might be in recess but not to provide a technique whereby the Governor can make quantity appointments at the eleventh hour.

The people have voted to limit the Governor's recess appointment power and I would therefore dismiss defendant's preliminary objections and afford the defendant opportunity to file an answer to plaintiffs' complaint.